IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of<br>301 Columbus Avenue, LLC<br>　　　　Plaintiff<br><br>v.<br><br>SUFFOLK CONSTRUCTION COMPANY, INC.<br><br>and<br><br>SULLIVAN PROPERTIES, INC<br>d/b/a 131 Dartmouth St. LLC<br>　　　　Defendants | CIVIL ACTION NO. : 04-10872 EFH<br><br><br><br><br><br><br><br><br><br>August 23, 2004 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** The Complaint was originally filed on April 29, 2004.

**Date Complaint Served:** May 10, 2004 (Sullivan) May 12, 2004 (Suffolk)

**Date of Defendant's Appearance:** June 22, 2004

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on September 2, 2004. The participants were:

　　Erik Loftus for the plaintiff, Fireman's Fund Insurance Company.

　　Patricia A. Larkin for the defendants, Sullivan Properties and Suffolk Construction.

### I.　CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel to the parties further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Jurisdiction is based upon the complete diversity of the parties pursuant to 28 U.S.C. § 1332. The plaintiff asserts that the amount in controversy in this case exceeds $75,000.

### B. Personal Jurisdiction

Neither party challenges the jurisdiction of this Court.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

This is a subrogation action brought pursuant to common law. The plaintiff alleges that its insureds suffered damage to their building as a result of the construction activities of Suffolk Construction, who was the general contractor for Sullivan Properties. The plaintiff claims that it paid its insured in excess of $363,024.62 as a result of the damage and now seeks to collect that amount from the defendants.

### B. Defenses and Claims of Defendant:

The Defendants deny the Plaintiff's allegations. Initially, Sullivan Properties d/b/a 131 Dartmouth St. LLC maintains that it is misnamed. 131 Dartmouth St. LLC was the owner of the project and had no involvement in the construction activities at issue. Rather, 131 Dartmouth St. LLC entered into a general contract with Suffolk Construction to construct the building located at 131 Dartmouth Street. Accordingly, 131 Dartmouth St. LLC did not and could not cause the damage alleged by the Plaintiff. Suffolk Construction was the general contractor for the 131 Dartmouth Street construction project. Suffolk denies that the construction activities for the 131

Dartmouth Street project caused the alleged damage to the property located at 301 Columbus Avenue. Both Defendants maintain that any damage sustained by the building located at 301 Columbus Avenue pre-existed the construction activities for the 131 Dartmouth Street construction project. The Defendants further contest the nature, extent and value of the alleged damages.

**C.     Defenses and Claims of Third Party Defendants:**

Not applicable.

### III.    STATEMENT OF UNDISPUTED FACTS:

1. 131 Dartmouth St. LLC was the owner of property located at 131 Dartmouth Street, Boston, MA.

2. Suffolk Construction was the general contractor hired by 131 Dartmouth St. LLC to perform construction at property located at 131 Dartmouth Street, Boston, MA.

3. The property located at 131 Dartmouth Street abuts or is in proximity to the property located at 301 Columbus Avenue.

### IV.    CASE MANAGEMENT PLAN

**A.     Standing Order on Scheduling in Civil Cases.**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

**B.     Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R.Civ. P. 16(b).

**C.     Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and are willing to participate in non-binding mediation.

2. The parties request an early settlement conference.

3. The parties do not have a preference with respect to who will conduct the settlement conference.

4. The parties do not request a referral for alternative dispute resolution pursuant to D.Mass.L.Civ.R. 16.4.

**D.  Joinder of Parties and Amendment of Pleadings**

1. Plaintiff should be allowed until November 31, 2004 to file motions to join additional parties and to file motions to amend pleadings.

2. Defendant should be allowed until November 31, 2004 to file motions to join additional parties and to file motions to amend pleadings.

**E.  Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

   a. The nature and significance of construction activities at 131 Dartmouth Street;

   b. The extent and appearance of damages at the plaintiff's insured's premises;

   c. Contractual negotiations between the plaintiff's insured and the defendants;

   d. The plaintiff's theory of liability; the defendants' theory of non-liability.

  e. Damages and/or pre-existing conditions and the nature, extent and value thereof.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 31, 2005 and completed (not propounded) by March 31, 2006.

3. Discovery will not be conducted in phases.

4. All factual discovery will be completed by November 30, 2005.

5. The parties anticipate that the plaintiff will require a total of fifteen (15) depositions and the defendants will require a total of fifteen (15) depositions. The depositions will commence by March 31, 2005 and be completed by November 30, 2005.

6. The parties will not request permission to serve more than twenty-five interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from all such experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2005. Depositions of any such experts shall be completed by November 30, 2005.

8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from all such experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 15, 2006. Depositions of any such experts will be completed by March 31, 2006.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages on or before January 31, 2006.

  F. **Dispositive Motions**

Dispositive motions will be filed on or before March 31, 2006.

G.  **Joint Trial Memorandum**

The Joint Trial Memorandum will be filed within 30 days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum will be filed within 60 days after the completion of all discovery.

H.  **Trial Readiness**

The parties will be ready for trial by May , 2006.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff _____ Date _____

Defendant _____ Date _____


**FIREMAN'S FUND INSURANCE COMPANY**  **SULLIVAN PROPERTIES,**
By its attorneys,                                                **SUFFOLK CONSTRUCTION**
                                                                 By its attorneys,

_____                    _____
Erik Loftus, Esquire (BBO# 656315)         John F. Toomey (BBO# 500160)
Law Offices of Stuart G. Blackburn         Patricia A. Larkin (BBO# 561642)
Two Concorde Way                           TOOMEY & YUDYSKY LLP
P.O. Box 608                               99 Summer Street
Windsor Locks, CT 06096                    Boston, MA  02110
(860) 292-1116                             (617) 946-0930

6