IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of<br>301 Columbus Avenue, LLC<br>777 Marin Drive<br>Novado, California 94998<br><br>　　　　　Plaintiff<br><br>　v.<br><br>SUFFOLK CONSTRUCTION COMPANY, INC.<br>65 Allerton Street<br>Boston, MA   02119<br><br>and<br><br>131 DARTMOUTH STREET LLC<br>535 Boylston Street, 10th Floor<br>Boston, MA   02109<br>　　　　　Defendants | CIVIL ACTION NO.<br>04-10872 EFH<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>November 4, 2004 |

## AMENDED COMPLAINT

NOW COMES Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") by and through its undersigned counsel, hereby demands judgment against Defendant Suffolk Construction Company, Inc. (hereinafter "Suffolk") and Defendant 131 Dartmouth Street LLC (hereinafter "131 Dartmouth"), and in support thereof avers as follows:

1.　　　Plaintiff, "FFIC" is a corporation organized an existing under laws of the State of California with a principal place of business at 777 San Marin Drive,

Novado, California 94998 which at all times material hereto was duly authorized to issue insurance policies in the state of Massachusetts.

2. Defendant Suffolk is a corporation duly organized and existing under the laws of Massachusetts with its principal place of business located at 65 Allerton Street Boston MA 02119.

3. Defendant 131 Dartmouth is a limited liability company duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office located at 535 Boylston Street, 10th Floor, Boston, MA 02109.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Three Hundred Sixty-Three Thousand Dollars ($363,000.00) and there is diversity of citizenship between Plaintiff and Defendant

5. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

6. Plaintiff's insured, 301 Columbus Avenue LLC, at all times mentioned herein was the owner of the commercial real property known as 301-319 Columbus Avenue (odd numbers) located in Boston, MA.

7. Prior to June 7, 2001, FFIC issued a policy of insurance to 301 Columbus Avenue LLC, Policy Number AS2ABC80665285 which provided insurance coverage for the premises.

8. At all times relevant to this complaint, Defendant 131 Dartmouth was a commercial property developer and was responsible for supervising and/or directing the development of property located at 131 Dartmouth Street, Boston, MA.

9. At all times relevant to this complaint, Defendant Suffolk was in the large scale construction business including construction of commercial buildings.

10. Prior to June 7, 2001, 131 Dartmouth and Suffolk were in the process of performing substantial construction work in close proximity and on premises abutting the FFIC insured's premises known as 131 Dartmouth Street.

11. In performing the construction work in reference to the 131 Dartmouth Street project the Defendants caused the Plaintiff's insured's premises to sustain damages to portions of the basement, wall foundation, retaining walls, and roof of the insured's building.

12. In due course, FFIC was notified by its insured that the insured premises had been damaged on or about June 7, 2001.

13. Pursuant to the terms and conditions of the policy, FFIC made payments to its insured in the amount of $363,024.62.

14. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, FFIC is subrogated to the rights of its insured.

## COUNT 1
## NEGLIGENCE
## (FFIS vs. SUFFOLK)

15. The Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

16. The construction activities conducted by the Defendant Suffolk and the resulting damages sustained by the Plaintiff were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Suffolk, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) failing to ensure the safe and proper construction and sequence of construction in conducting its activities at its construction site so it would not damage the Plaintiff's insured's premises;

(b) failing to properly and adequately perform, manage, supervise or inspect its work at the construction site as well as at the insured's premises;

(c) failing to hire proper and adequate employees, agents and/or subcontractors;

(d) failing to perform its work at its construction site so as to avoid impacting and damaging the insured's premises all in conformity with good practice and industry standards and due care;

(e) failing to properly warn Plaintiff's insured of the dangerous conditions which resulted from the Defendant Suffolk's construction activities which the Defendant Suffolk knew or should have known existed at the premises and created an unreasonable risk of harm to Plaintiff's insured's premises;

(g) failing to properly and adequately perform its construction activities at its construction site;

(h) otherwise failing to use due care under the circumstances.

17. As a direct and proximate result of the aforesaid negligence, carelessness,

negligent acts and omissions of the Defendant Suffolk, the aforementioned construction activities caused substantial damage instruction to the Plaintiff's insured's premises.

18. Pursuant to the terms and conditions of the policy FFIC made payments to 301 Columbus LLC in excess of Three Hundred Sixty-Three Thousand Dollars $363,000.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Suffolk in excess of $363,000 together with interest of the cost of this action and such other and further relief as this court deems just improper.

## COUNT II
## BREACH OF CONTRACT
### (FFIS vs. SUFFOLK)

19. Plaintiff incorporates by reference each every allegation as set forth above and below as though the same were fully set forth herein at length.

20. In performing its construction work the Defendant Suffolk requested that the Plaintiff's insured's permission to enter upon the Plaintiff's insured's premises for the purposes of conducting construction activity.

21. The purpose of the Defendant Suffolk's request as expressed by the Defendant Suffolk was so that the Defendant Suffolk could conduct its activities at its construction site without causing damage to the Plaintiff's insured's premises.

22. Pursuant to the Defendant Suffolk's request, the parties reached an agreement that permitted the Defendant Suffolk to enter the Plaintiff's insured's premises to perform construction activities so as to render the Plaintiffs insured's premises safe from damage as a result of the Defendant's construction activities.

23. Although the Plaintiff's insured, pursuant to its agreement granted the

Defendant Suffolk the right to enter its premises to conduct construction activities, the Defendant Suffolk failed to perform those construction activities so as to render the Plaintiff's insured's premises safe from the construction activities undertaken by the Defendant Suffolk at its construction site.

24. The Defendant Suffolk breached its contract in failing to perform the construction activities it conducted on the Plaintiff's insured's premises in a safe and proper manner consistent with and in conformity with good practice, industry standards and due care and was thereby in material breach of that contract.

25. The Plaintiff's insured relied on the Defendant Suffolk to conduct its activities so that the Plaintiff's insured's premises would be rendered safe and free from damage in the construction activities thereafter conducted at the Defendant Suffolk's construction site.

**WHEREFORE**, the Plaintiff FFIC demands judgment against the Defendant Suffolk in excess of $363,000 together with interest and the cost of this action and such other and further relief as this court means just and proper.

### COUNT III
### NEGLIGENCE
### (FFIS vs. 131 DARTMOUTH)

26. Plaintiff incorporates by reference each every allegation as set forth above and below as though the same were fully set forth herein at length.

27. The construction activities conducted by the Defendant 131 Dartmouth and the resulting damages sustained by the Plaintiff were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant 131 Dartmouth, its agents, servants, and/or employees acting within the scope and course of their employment. Said

-6-

negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) failing to adequately supervise and/or direct Defendant Suffolk to ensure the safe and proper construction and sequence of construction in conducting its activities at its construction site so it would not damage the Plaintiff's insured's premises;

(b) failing to adequately supervise and/or direct Defendant Suffolk to ensure it properly and adequately performed, managed, supervised or inspected its work at the construction site as well as at the insured's premises;

(c) failing to adequately supervise and/or direct Defendant Suffolk in its hiring of proper and adequate employees, agents and/or subcontractors;

(d) failing to adequately supervise and/or direct Defendant Suffolk in its performance of work at its construction site so as to avoid impacting and damaging the insured's premises all in conformity with good practice and industry standards and due care;

(e) failing to adequately supervise and/or direct Defendant Suffolk to ensure it properly warned Plaintiff's insured of the dangerous conditions which resulted from the Defendant Suffolk's construction activities which the Defendant Suffolk knew or should have known existed at the premises and created an unreasonable risk of harm to Plaintiff's insured's premises;

(g) failing to adequately supervise and/or direct Defendant Suffolk to ensure it properly and adequately performed their construction activities at its construction site;

(h)  otherwise failing to ensure the use of due care under the circumstances.

**WHEREFORE**, the Plaintiff FFIC demands judgment against the Defendant 131 Dartmouth in excess of $363,000 together with interest and the cost of this action and such other and further relief as this court means just and proper.

THE PLAINTIFF,

By: _____
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. (860) 292-1116
Fax (860) 292-1221
BBO # 656315

## CERTIFICATION

I hereby certify that the Amended Complaint has been mailed this 4th day of November, 2004, first class mail, postage prepaid to the following:

John F. Toomey, Esq.
Patricia A. Larkin, Esq.
Toomey & Yudysky, LLP
99 Summer Street
Boston, MA 02110
(Suffolk Construction Co., Inc.
Sullivan Properties d/b/a 131 Dartmouth)

Erik Loftus, Esq.