UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10872EFH

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY <br> As Subrogee of 301 Columbus Avenue, LLC <br> 777 Marin Drive <br> Novado, California 94998, <br>     Plaintiff <br><br> VS. <br><br> SUFFOLK CONSTRUCTION COMPANY, INC. <br> 65 Allerton Street <br> Boston, MA 021109, <br><br> and <br><br> 131 DARTMOUTH STREET, LLC <br> 535 Boylston Street, 10th Floor <br> Boston, MA 02109 <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND JURY DEMAND OF THE DEFENDANT, 131 DARTMOUTH STREET, LLC TO THE PLAINTIFF'S AMENDED COMPLAINT

The defendant, 131 Dartmouth Street, LLC (hereinafter referred to as "131 Dartmouth") hereby responds to the Amended Complaint as follows:

1.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and calls upon the plaintiff to prove the same.

2.     The allegations of paragraph 2 are admitted.

3.     The allegations of paragraph 3 are admitted.

### JURISDICTION AND VENUE

4.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 and calls upon the plaintiff to prove the same.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 and calls upon the plaintiff to prove the same.

## GENERAL ALLEGATIONS

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 and calls upon the plaintiff to prove the same.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and calls upon the plaintiff to prove the same.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 and calls upon the plaintiff to prove the same.

9. The allegations of paragraph 9 are denied, except it is admitted that Suffolk was in the general contracting business for such construction.

10. The allegations of paragraph 10 are denied, except it is admitted that 131 Dartmouth and Suffolk had a general contract for construction work at said premises.

11. The allegations of paragraph 11 are denied.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 and calls upon the plaintiff to prove the same.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 and calls upon the plaintiff to prove the same.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 and calls upon the plaintiff to prove the same.

## COUNT I
## NEGLIGENCE
### (FFIS vs. SUFFOLK)

15. The defendant realleges and incorporates herein by reference its answers from paragraphs 1-14 of this Answer.

16. The allegations of Count I, paragraph 16(a-h) are not directed against 131 Dartmouth, and therefore require no response from this defendant. To the extent that an answer may be required, the allegations of Count I, paragraph 16(a-h) are denied.

17. The allegations of Count I, paragraph 17 are not directed against 131 Dartmouth, and therefore require no response from this defendant. To the extent that an answer may be required, the allegations of Count I, paragraph 17 are denied.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count I, paragraph 18 and calls upon the plaintiff to prove the same.

## COUNT II
## BREACH OF CONTRACT
### (FFIS vs. SUFFOLK)

19. The defendant realleges and incorporates herein by reference its answers from paragraphs 1-18 of this Answer.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count II, paragraph 20 and calls upon the plaintiff to prove the same.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count II, paragraph 21 and calls upon the plaintiff to prove the same.

22.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count II, paragraph 22 and calls upon the plaintiff to prove the same.

23.    The allegations of Count II, paragraph 23 are not directed against 131 Dartmouth, and therefore require no response from this defendant. To the extent that an answer may be required, the allegations of Count II, paragraph 23 are denied.

24.    The allegations of Count II, paragraph 24 are not directed against 131 Dartmouth, and therefore require no response from this defendant. To the extent that an answer may be required, the allegations of Count II, paragraph 24 are denied.

25.    The allegations of Count II, paragraph 25 are not directed against 131 Dartmouth, and therefore require no response from this defendant. To the extent that an answer may be required, the allegations of Count II, paragraph 25 are denied.

**COUNT III**
**NEGLIGENCE**
**(FFIS vs. 131 DARTMOUTH)**

26.    The defendant realleges and incorporates herein by reference its answers from paragraphs 1-25 of this Answer.

27.    The allegations of Count III, paragraph 27(a-h) are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged have been accorded and satisfied.

## SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by estoppel.

## THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

## FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been released.

## FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statue of limitations and/or repose.

## SEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been waived.

## EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff and/or plaintiff's subrogor's failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff and/or plaintiff's subrogor is greater than the negligence of the defendant. Any recovery must be reduced by the percentage of negligence attributable to plaintiff and/or plaintiff's subrogor in accordance with G.L.c. 231, §85.

## TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party for whose conduct the defendant is not legally responsible.

## TWELFTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The venue of this action is improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

The process in this action is insufficient.

## FIFTEENTH AFFIRMATIVE DEFENSE

The service of process in this action is insufficient.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by a failure or want of consideration.

### NINETEENTH AFFIRMATIVE DEFENSE

The agreement in the terms alleged is unconscionable and unenforceable.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of privity of contract between plaintiff's subrogor and defendant.

WHEREFORE, the Defendant, 131 Dartmouth St. LLC, respectfully requests that the plaintiff's Complaint be dismissed as to defendant, 131 Dartmouth St. LLC., with costs.

### JURY DEMAND

The Defendant, 131 Dartmouth St. LLC, demands a trial by jury on all counts and issues so triable.

Respectfully Submitted,
The defendant,
131 Dartmouth St. LLC,
By its attorneys,

John F. Toomey, BBO # 500160
Patricia A. Larkin, BBO # 561642
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Date: 12/21/04

## CERTIFICATE OF SERVICE

I, John F. Toomey, as counsel for the defendant, 131 Dartmouth St. LLC., do hereby certify that I served a copy of the foregoing **ANSWER AND JURY DEMAND OF THE DEFENDANT, 131 DARTMOUTH STREET, LLC TO THE PLAINTIFF'S AMENDED COMPLAINT**, on all parties to this action by first class mail to their counsel of record:

Stuart G. Blackburn, Esquire  
Law Offices of Stuart G. Blackburn  
2 Concorde Way  
P.O. Box 608  
Windsor Locks, CT 06096

Date: 12/2./.4                Attorney: _____

jdd 55939.1  12/20/04

8