UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10872EFH

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of 301 Columbus Avenue, LLC<br>777 Marin Drive<br>Novado, California 94998,<br>    Plaintiff<br><br>VS.<br><br>SUFFOLK CONSTRUCTION COMPANY, INC.<br>65 Allerton Street<br>Boston, MA 021109,<br><br>and<br><br>131 DARTMOUTH STREET LLC<br>200 State Street, 12th Floor<br>Boston, MA 02109,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, SUFFOLK CONSTRUCTION COMPANY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Now comes the Defendant, Suffolk Construction Company, Inc. ("Suffolk") and respectfully opposes Plaintiff, Fireman's Fund Insurance Company's (hereinafter "Fireman's Fund") Motion to Compel responses to its interrogatories and requests for production of documents on three grounds. First, Fireman's Fund filed this Motion to Compel without a certification that counsel have conferred and have attempted in good faith to resolve or narrow the issue, as required by Local Rule 7.1. Second, Suffolk's Answers to Fireman's Fund's Interrogatories and Response to Fireman's Fund's Request for Production of Documents are attached hereto as Exhibits 1 and 2. Third, Fireman's Fund's Amended Complaint and discovery references only what Fireman's Fund has referred to as an

insignificant date as its date of loss, preventing Suffolk from efficiently responding to said discovery.

By way of further explanation, Fireman's Fund originally filed suit against Suffolk and Sullivan Properties, Inc. d/b/a 131 Dartmouth Street, LLC ("Sullivan Properties") on or about April 29, 2004. On July 23, 2004, in contravention of Fed.R.Civ.P. 26(d), Fireman's Fund served Requests for Production of Documents and Interrogatories on Suffolk and Sullivan Properties prior to the parties conferring as required by Rule 26(f). Suffolk advised Fireman's Fund of the applicable Rules and that it would not respond to Fireman's Fund discovery requests at that time.

On September 22, 2004, the parties appeared before Your Honor for the Initial Scheduling Conference in this matter. At the Scheduling Conference and on several occasions prior to the Scheduling Conference, Suffolk advised Fireman's Fund that the actual name of the owner of the 131 Dartmouth Street construction project was 131 Dartmouth Street LLC, not Sullivan Properties, Inc. d/b/a 131 Dartmouth Street LLC, as plead. On November 4, 2004, Fireman's Fund filed a Motion to Withdraw As Against Sullivan Properties. Your Honor allowed the Motion and Fireman's Fund filed an Amended Complaint against Suffolk and 131 Dartmouth Street, LLC ("131 Dartmouth").

Fireman's Fund never re-served a Request for Production of Documents or Interrogatories upon Suffolk after the Scheduling Conference or after the Amended Complaint was filed. Fireman's Fund has not served any discovery upon 131 Dartmouth Street, LLC. Fireman's Fund simply requested that Suffolk respond to the discovery that it had served prior to the Scheduling Conference.

Fireman's Fund filed the present Motion to Compel without regard to the Local Rules of the United States District Court for the District of Massachusetts. More specifically, Local Rule 7.1 provides that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve and narrow the issue." Fireman's Fund's Motion did not include a certification of compliance with Local Rule 7.1. Fireman's Fund was not able to include a certificate in the Motion because it did not follow the procedure governing discovery disputes that is outlined in Local Rule 37.1. Accordingly, Fireman's Fund's Motion to Compel should not be considered by the Court.

Although Suffolk's Response to Fireman's Fund's Request for Production of Documents and Suffolk's Answers to Interrogatories are attached hereto, Suffolk has not been able to fully respond to Fireman's Fund's discovery requests. Suffolk advised Fireman's Fund on several occasions that the 131 Dartmouth Street construction project was a large-scale, commercial construction project and the project files for the project are voluminous. Suffolk also advised Fireman's Fund on more than one occasion that the only date plead in the Amended Complaint was June 7, 2001, which is the date on which Fireman's Fund's insured's premises were allegedly damaged. Suffolk has no knowledge of any incident occurring at Fireman's Fund's insured's premises on or about June 7, 2001. Suffolk does not have any documents evidencing an incident occurring at Fireman's Fund's insured's premises on or about June 7, 2001. In an effort to expedite discovery, Suffolk has impressed upon Fireman Fund's counsel to advise it of either the specific incidents that it alleges caused damage to its insured's premises or of the specific dates on which it alleges that damage occurred. Fireman's Fund has failed to provide Suffolk with information about the specific incidents or the specific dates on which it alleges that damage occurred it its

insured's premises. Rather, Fireman's Fund has advised that the June 7, 2001 date is insignificant and that its position is that its insured's premises were damaged during the course of the entire construction project. Fireman's Fund has not even provided Suffolk with a time frame between which the damage allegedly occurred.

Notably, Fireman's Fund's Request for Production of Documents seeks, for example, "[a]ny police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question". Fireman's Fund's Interrogatories repeatedly refer to "the incident in question". At this point, Suffolk does not know and Fireman's Fund has not defined the "occurrence in question" or "the incident in question". Therefore, Suffolk has not been able to respond fully to some of Fireman's Fund's discovery. Without further guidance from Fireman's Fund concerning the "occurrence in question" or "the incident in question," Suffolk will have to review every document in its voluminous project files without an understanding of what Fireman's Fund seeks to discover. Such a document review would be overly burdensome. Given the amount of time that such a document review is likely to take, Suffolk will incur excessive expenses in responding to Fireman's Fund's discovery.

WHEREFORE, the Defendant, Suffolk Construction Company, Inc. respectfully requests this Honorable Court to **DENY** Fireman's Fund Insurance Company's Motion to Compel.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Suffolk hereby respectfully requests a hearing on Fireman's Fund's Motion to Compel and Suffolk's Opposition thereto.

Respectfully Submitted,
The Defendant,
Suffolk Construction Company, Inc.,
By its attorneys,

*/s/ John F. Toomey*

John F. Toomey, BBO # 500160
Patricia A. Larkin, BBO # 561642
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Date: 3/18/05

## CERTIFICATE OF SERVICE

I, Patricia A. Larkin, as counsel for the Defendant, Suffolk Construction Co., Inc., do hereby certify that I served a copy of the foregoing **DEFENDANT, SUFFOLK CONSTRUCTION CO., INC.'S OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL**, on all parties to this action by first class mail to their counsel of record:

Stuart G. Blackburn, Esquire
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Date: 3/18/05    Attorney: */s/*

ECL 59110.1 3/17/05